UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES JOSEPH KOHLER,**

      **Plaintiff,**

v.                                                 Case No: 8:13-CV-2502-T-27EAJ

**MARIAN GARLETS, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court are Defendant Mark A Spence's ("Defendant's") **Amended Motion to Tax Fees and Costs** (Dkt. 13), **Notice of Filing Executed Attorney's Fee Affidavit** (Dkt. 21), **Attorney's Fee Affidavit** (Dkt. 20), **Notice of Filing Executed Attorney's Fee Affidavit of Scott Ward** (Dkt. 22), and **Affidavit of Scott Ward Dutton Regarding Attorneys' Fees** (Dkt. 23).

### I.  Background

Plaintiff Charles Joseph Kohler ("Plaintiff") filed his Complaint on September 27, 2013, alleging violation of his constitutional rights related to a state foreclosure action. (Dkt. 1)  On December 31, 2013, the Court dismissed Plaintiff's Complaint for failure to state a claim under 42 U.S.C. § 1983 as Defendants were not state actors and also found Plaintiff's claims barred by the *Rooker-Feldman* doctrine. (Dkt. 11)  On January 14, 2014, Defendant filed his Amended Motion to Tax Fees and Costs (Dkt. 13).  Following this Court's February 20, 2014 Order (Dkt. 18) to file a supplement to Defendant's motion including a specification of fees and costs along with supporting documentation, Defendant filed his Notice of Filing Executed Attorney's Fee Affidavit (Dkt. 21), Attorney's Fee Affidavit (Dkt. 20), Notice of Filing Executed Attorney's Fee Affidavit

1

of Scott Ward (Dkt. 22), and Affidavit of Scott Ward Dutton Regarding Attorneys' Fees (Dkt. 23). As of the date of this order, Plaintiff, who is proceeding *pro se*, has not filed a response.

## II.  Discussion

### A.  Costs

Rule 54(d)(1), Fed. R. Civ. P., states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." The language of rule 51(d)(1) creates a presumption which favors awarding costs to the prevailing party. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991). As Plaintiff's claim was dismissed, among other grounds, for failure to state a claim under 42 U.S.C. § 1983, Defendant is the prevailing party.[1] See Lepucki v. Van Wormer, 587 F. Supp. 1390, 1394 (N.D. Ind. 1984) aff'd, 765 F.2d 86 (7th Cir. 1985) ("When an action has been dismissed for failure to state a claim, the defendant is the prevailing party." (citing 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.70[4])).

The district court may only tax costs explicitly authorized by statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). 28 U.S.C. § 1920 lists the costs a district court may assess:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1)  Fees of the clerk and marshal;
> (2)  Fees for printed or electronically recorded transcripts

---

[1]  Defendant acknowledges that dismissal of a plaintiff's claims based on jurisdictional grounds alone would not entitle Defendant to the status of "prevailing party," but explains that dismissal based on the *Rooker-Feldman* doctrine was only one of the grounds for dismissal in this case. (Dkt. 13 at 4-5)  It is clear from the Order dismissing Plaintiff's Complaint that the Court also found Plaintiff's claim failed to state a cause of action under 42 U.S.C. § 1983. (Dkt. 11 at 2)  As the sole basis for dismissal was not jurisdictional, it appears appropriate to award fees.

                    necessarily obtained for use in the case;
(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)     Docket fees under section 1923 of this title;
(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

While Defendant's motion asserts he is entitled to costs under Rule 54(d), Fed. R. Civ. P., Defendant's affidavits (Dkts. 21, 22) in support of his Amended Motion to Tax Fees and Costs (Dkt. 13) do not specify any costs.

**B.    Attorney's Fees**

Rule 54 requires a motion for attorneys' fees be filed within fourteen (14) days of the entry of judgment, explain the grounds entitling the party to an award of attorneys' fees, and state the amount of or fair estimate of fees sought. Fed. R. Civ. P. 54(d)(2)(B). In this case, Defendant timely filed his motion for attorneys' fees, asserted grounds for attorneys' fees as the prevailing party after Plaintiff's claim was dismissed for failure to state a claim under 42 U.S.C. § 1983, and provided affidavits and time sheets as a supplement to the motion.

Attorneys' fees are calculated, in the Eleventh Circuit, according to a "lodestar" formula which requires multiplication of "the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Unnecessary, redundant, or excessive hours should be excluded from

the reasonable number of hours expended.  Id. at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  Additionally,

> [t]he court, either trial or appellate, is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.

Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940) (Sibley, J.)) (internal quotation marks omitted).

Defendant requested attorneys' fees at different hourly rates for each attorney who worked on the matter.  Defendant requested $185 per hour for Barry A. Postman, Esq., $185 per hour for Aram P. Megarian, Esq., and $145 per hour for Elizabeth C. Tosh, Esq.  Barry A. Postman and Aram P. Megarian are partners and Elizabeth C. Tosh is an associate at Cole, Scott, and Kissane, P.A., in Tampa, Florida.

Considering the reputation, experience, and skill of Defendant's attorneys and the prevailing market rates in Tampa, Florida, the hourly rates which Defendant claims for the attorneys' time are reasonable.  After reviewing the affidavits, time sheets, and other material submitted, it appears that the number of hours spent by Defendant's attorneys on this matter were reasonable.  Therefore, the Defendant should be awarded attorney's fees as follows: $55.50 for 0.3 hours of work by Barry A. Postman, Esq., at $185 per hour; $277.50 for 1.5 hours of work by Aram P. Megarian, Esq. at $185 per hour; and $2,668.00 for 18.4 hours of work at $145.00 per hour and $340.00 for 1.7 hours of work at $200.00 per hour by Elizabeth C. Tosh, Esq.  Defendant should be awarded attorney's fees in the total amount of $3,341.00.

Accordingly, upon due consideration, it is hereby **RECOMMENDED** that:

(1)     Defendant's Amended Motion to Tax Fees and Costs (Dkt. 13) be **GRANTED**;

Defendant shall be awarded $3,341.00 in attorneys' fees.

**DONE AND ORDERED** in Tampa, Florida on this 18th day of April, 2014.

                                                        ELIZABETH A JENKINS
                                                        United States Magistrate Judge