UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES JOSEPH KOHLER,**

     **Plaintiff,**

v.                                                                    **Case No: 8:13-cv-2502-T-27EAJ**

**MARIAN GARLETS, MARGERY L.**
**BAKER REVOCABLE TRUST, DAVID C.**
**GILMORE and MARK A. SPENCE,**

     **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 24) from the Magistrate

Judge recommending that Defendant Mark A. Spence's Amended Motion to Tax Fees and Costs

(Dkt. 13) be granted and that Defendant Mark A. Spence be awarded attorneys' fees in the amount

of $3,341.00.  Neither party filed objections and the time for doing so has expired.

A district court may accept, reject or modify a magistrate judge's report and recommendation.

28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that factual

findings be reviewed *de novo*, and the court may accept, reject or modify, in whole or in part, the

findings and recommendations. § 636(b)(1)(C); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir.

1993). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v.*

*McNeil*, 397 Fed. App'x. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347,

348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions, and

recommendations, and giving *de novo* review to matters of law, the Report and Recommendation

1

will be adopted. In addition to the reasons stated in Report and Recommendation, the following is included as a basis for awarding fees.

Plaintiff's claims, brought pursuant to 42 U.S.C. § 1983, were frivolous, unreasonable, and without foundation. "Under 42 U.S.C. § 1988, a prevailing defendant is entitled to recover attorney's fees if 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Baker v. Alderman*, 158 F.3d 516, 524-25 (11th Cir. 1998) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980)). Factors to take into account when considering whether a claim was frivolous include: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial." *Sullivan v. School Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir.1985). To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *West v. Akins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)).

One reason for dismissal of Plaintiff's claims was that none of the Defendants were proper defendants under § 1983 because they were not state actors (Dkt. 11 at 2).[1] Plaintiff failed to make out a prima facie case. *See Evans v. Monroe Cnty. Sheriff's Dep't*, 148 Fed. App'x 902, 903 (11th Cir. 2005) (affirming the district court's award of fees under § 1988 based on a finding that the pro se plaintiff's case was frivolous because, among other reasons, the defendant was not a legal entity subject to suit). As for factors two and three, there is no evidence of a settlement offer by this

---

[1] Plaintiff's claims were also dismissed based on the Rooker-Feldman doctrine (Dkt. 11 at 1-2).

Defendant, and the case was dismissed with prejudice before trial. As such, all three factors support a finding that Plaintiff's claims were frivolous.

Accordingly,

1.      The Report and Recommendation (Dkt. 24) is **ADOPTED** for all purposes, including for appellate review except as modified herein.

2.      Defendant Mark A. Spence's Amended Motion to Tax Fees and Costs (Dkt. 13) is **GRANTED**.

3.      The Clerk is directed to enter judgment in favor of Defendant Mark A. Spence and against Plaintiff Charles Joseph Kohler for attorneys' fees in the amount of $3,341.00.

**DONE AND ORDERED** this ___12th___ day of May, 2014.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of record
Pro se Plaintiff

3